William J. Cusick v. Commissioner.
Cusick v. Commissioner
Docket No. 3452.
United States Tax Court
1944 Tax Ct. Memo LEXIS 5; 3 T.C.M. (CCH) 1324; T.C.M. (RIA) 44408; December 27, 1944
*5 John F. Dempsey, C.P.A., 1417 Dime Bldg., Detroit, Mich., for the petitioner. Walter W. Kerr, Esq., for the respondent. SMITH Memorandum Findings of Fact and Opinion SMITH, Judge: The respondent has determined deficiencies in petitioner's income tax for 1941 and 1942 in the respective amounts of $1,282.61 and $4,303.57. At the hearing petitioner waived all of the allegations of error contained in his petition except that relating to the inclusion in his gross income for 1942 of an item of $9,750 alleged to represent earnings for the years 1935 to 1941, inclusive. The respondent has included the full amount in 1942 income while petitioner contends that he is entitled to the benefits of section 107(a) of the Internal Revenue Code which would limit his tax on such income in 1942 to the aggregate of the taxes attributable thereto had the income been included in his gross income for the prior years during which it was earned. Findings of Fact Petitioner is a resident of Detroit, Michigan. He filed his income tax returns for the years involved with the collector of internal revenue at Detroit. For a number of years prior to 1941 petitioner performed services from time to time as public *6 relations counsel for the Gordon Baking Co. That company was a Michigan corporation with its principal place of business at Detroit. It operated a large bakery business with branches in other cities. Petitioner was first employed as public relations counsel for the company in 1911 and was reemployed several times thereafter for different periods extending up to 1941. All of his employment agreements were made by oral contract with James C. Gordon, principal stockholder of the company. Petitioner described his duties as public relations counsel, as discouraging legislation deemed unfavorable to the baking industry; helping to obtain legislation deemed favorable to the industry; acting as contact man in labor disputes; doing sales promotion work; building and maintaining good will; and acting as "Mr. Gordon's personal representative in outside matters affecting the business of the Gordon Baking Company." Petitioner had a business of his own consisting of the publication of two papers known as the "Grocery Spotlight" and the "Restaurant and Bar News." At one time petitioner conducted a wholesale grocery business in Detroit and was president of the Detroit Grocers' Association. Petitioner *7 entered into a new contract with James C. Gordon on February 3, 1934, under which he was to receive from the Gordon Baking Co. a salary of $10,000 per year. The salary payments under this contract were not made in accordance with the agreement. On July 22, 1941, petitioner filed a suit in the Circuit Court for Wayne County, Michigan, against the Gordon Baking Co. and James C. Gordon, jointly and severally, for unpaid salary for the period February 3, 1934, to February 23, 1941, in the amount of $65,626.55. It was alleged in the declaration filed on behalf of the petitioner that he was first employed by James C. Gordon as public relations counsel for Gordon Baking Co. in 1920 at a salary of $10,000 per year; that this contract was terminated "temporarily" in 1921; that a new verbal contract was entered into on February 3, 1934, under the same terms as to services and salary, which was to continue for "an indefinite period," with the understanding that his employment "could be terminated at any time at the will of either party"; that thereafter "plaintiff worked faithfully for defendant Gordon Baking Company and defendant James C. Gordon" causing defendants' profits to be increased *8 to the extent of from $100,000 $200,000 per year; that in 1935 defendants directed plaintiff to devote his entire time to "listening to a Legislative investigation of the baking industry and of the Gordon Baking Co. in particular"; that in April, 1937, plaintiff was called upon to make a trip to Washington, to contact the head officers of the C.I.O. to determine whether or not a C.I.O. charter could be obtained in Detroit for the employees of Gordon Baking Co., and to the New York plant of Gordon Baking Co., to report to its president, Everett A. Wilsher; that "in the Fall of 1937 nearly four years after the date of the contract on which this action is based was made" the plaintiff was ordered by Wilsher to employ a sufficient number of people and to make a general survey of bread conditions in Toledo, Ohio, and also to contact the larger group buyers of bread products in that city; that plaintiff was still working for defendants under the terms of the February 3, 1934, agreement and that he had not received anything on his past due salary, but only small amounts for expenses, since December, 1936. Petitioner further alleged in his declaration that he had held himself to be subject *9 to the call of defendants "until February 23, 1941, when plaintiff received a letter from defendant Gordon Baking Company notifying him of the cancellation of said contract." In a bill of particulars attached to the declaration the following amounts were shown as salary earned by the plaintiff, the amounts paid to him, and the amount still owing to him: Salary from February 3, 1934 to February 23, 1941 at $10,000.00 per year $70,555.56 Less payments received
February 3, 1934
$ 500.00
February, 1934
4500.00
January, 1935
2500.00
May, 1935
2500.00
August, 1935
500.00
November, 1935
1000.00
December, 1936
1000.00
Total
12,500.00
PRINCIPAL BALANCE DUE
$65,626.55
(Interest to be computed and added)
James C. Gordon and Gordon Baking Co., as defendants, filed an answer to the above declaration denying or qualifying all of the principal allegations contained therein and averring numerous facts contrary to those stated in the declaration. They denied that the plaintiff ever had any employment contract with them, such as that described in the declaration. The case never came to trial but was settled by the payment to petitioner on August 21, 1942, of $15,000 in *10 settlement of all claims for compensation from James C. Gordon and the Gordon Baking Co. Petitioner received $9,750 of that amount for his own account and his attorney received $5,250. The respondent included the net amount received by the petitioner, $9,750, in his gross income for 1942. Opinion Section 107(a), Internal Revenue Code, added by section 220(a) of the Revenue Act of 1939 and as amended by section 139(a) of the Revenue Act of 1942 reads as follows: SEC. 107. COMPENSATION FOR SERVICES RENDERED FOR A PERIOD OF THIRTY-SIX MONTHS OR MORE AND BACK PAY. (a) Personal Services. - If at least 80 per centum of the total compensation for personal services covering a period of thirty-six calendar months or more (from the beginning to the completion of such services) is received or accrued in one taxable year by an individual or a partnership, the tax attributable to any part thereof which is included in the gross income of any individual shall not be greater than the aggregate of the taxes attributable to such part had it been included in the gross income of such individual ratably over that part of the period which precedes the date of such receipt or accrual. Petitioner's *11 contentions are that the amount which he received in the settlement of his suit against James C. Gordon and the Gordon Baking Co. in 1942, $15,000 gross, was compensation for personal services covering the period February 3, 1935, to February 23, 1941, and that since such amount was more than 80 percent of the total compensation received by him for such services, that is, $27,500 including the $15,000 received in 1942, he is entitled to the benefits of section 107(a) above. The evidence before us as a whole does not support petitioner's contention that the $15,000 which he received in 1942 was compensation for services covering the period February 3, 1935, to February 23, 1941. The declaration filed by the petitioner in his suit against James C. Gordon and the Gordon Baking Co. stated that the amount claimed represented unpaid salary for the period February 3, 1934, to February 23, 1941. The total amount claimed was $65,626.55, which represented a salary of $10,000 per annum for that entire period less the salary payments already received by the petitioner. Petitioner testified in this proceeding that the statement contained in the declaration was erroneous in that it described *12 the contract as dating from February 3, 1934, rather than from February 3, 1935. With the elimination of the salary payments ($10,000) which petitioner claims to have received on his 1934 contract the $15,000 received in the settlement of his suit amounts to more than 80 percent of the aggregate of the amounts which he received for the entire contract period. Whatever may be the true facts as to that question, we think that the issue must be decided against the petitioner. The statute says that the compensation received in the taxable year must amount to at least "80 per centum of the total compensation for personal services covering a period of thirty-six calendar months or more (from the beginning to the completion of such services)" The $15,000 which petitioner received in settlement of his suit in 1942 must be considered as relating to the entire period covered by the declaration, that is, from February 3, 1934, to February 23, 1941. The total amount received over that period is $27,500 of which $15,000 is less than 80 percent. The evidence is that petitioner received a total of $20,000 after February 3, 1935 ($2,500 in May, 1935, $500 in August, 1935, $1,000 in November, 1935, *13 $1,000 in December, 1936, and $15,000 in 1942), and the $15,000 received in 1942 is less than 80 percent of that amount. On the record before us we think that petitioner has failed in his burden of proving that the respondent erred in denying him any relief under section 107 and in including the net amount received by him in 1942 in settlement of his claim against James C. Gordon and the Gordon Baking Co. in his gross income for that year. Decision will be entered for the respondent.